**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| SIVA AYYAR, | § | |
|     Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | Jury Trial Demanded |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., and VERIZON | § | |
| WIRELESS SERVICES, LLC, dba MCI, | § | |
|     Defendants | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1.　　This is an action for damages brought by Plaintiff, Siva Ayyar ("Plaintiff"), an individual, under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Chapter 392.

### JURISDICTION AND VENUE

2.　　Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.　　Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Defendants transacts business in this district.

### PARTIES

4.　　Plaintiff is a natural person.

5.　　Plaintiff is a "consumer" as defined by the 15 U.S.C. § 1681a(c) and Tex. Fin. Code § 392.001(1).

6.      Defendant Experian Information Solutions, Inc. ("Experian") is a for profit foreign corporation authorized to do business in the State of Texas, and is engaged in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of reporting or furnishing consumer reports to third parties.

7.      Experian uses a means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

8.      Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

9.      Defendant Verizon Wireless Services, LLC dba MCI ("Verizon") is a for-profit Delaware corporation authorized to do business in the State of Texas.

10.      Verizon is a "person" as defined by 15 U.S.C. § 1681a(b).

11.      Verizon is a "debt collector" as defined by Tex. Fin. Code § 392.001(6).

## FACTUAL ALLEGATIONS

12.      In or about May 2013, Plaintiff discovered a tradeline entry on his Experian credit report for an "MCI/Verizon" account, which was reported as a "collection account" and that $66 was past due as of May 2013 (the "Account").

13.      The reporting of the Account is inaccurate as Plaintiff has paid all bills he has received from Verizon in full.

14.      In the alternative, if any delinquency existed, it arose more than 7 years prior to the reporting.

15.      Plaintiff disputed the Account directly with Experian in May 2013.

16.      Upon information and belief, Experian informed Verizon of Plaintiff's dispute.

17.      Experian responded to Plaintiff's dispute, stating the Account had been verified and would remain on Plaintiff's credit report.

18.     Plaintiff also disputed the Account with Verizon directly in May 2013

19.     Verizon replied to Plaintiff's dispute, stating that the reporting of the Account was accurate.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1681e(b)**
**DEFENDANT EXPERIAN**

20.     Plaintiff repeats and re-alleges each and every factual allegation above.

21.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

22.     As a result of Experian's acts and/or omissions, Plaintiff has suffered damages including, but not limited to: loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish, and time and expense incurred in disputing the reporting.

23.     Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

24.     In the alternative, Experian was negligent, entitling Plaintiff to recover damages from Experian pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Experian violated 15 U.S.C. § 1681e(b);

b) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a);

    d)   Awarding Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and

    e)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1681i
## DEFENDANT EXPERIAN

25.    Plaintiff repeats and re-alleges each and every factual allegation above.

26.    Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a reasonable reinvestigation, and by otherwise failing to comply with the procedures outlined in that section.

27.    As a result of Experian's acts and/or omissions, Plaintiff has suffered damages including, but not limited to: loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish, and time and expense incurred in disputing the reporting.

28.    Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

29.    In the alternative, Experian was negligent, entitling Plaintiff to recover damages from Defendant pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)   Adjudging that Experian violated 15 U.S.C. § 1681i;

    b)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1681o(a);

    c)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d)   Awarding Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and

e)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1681s-2(b)
## DEFENDANT VERIZON

30.      Plaintiff repeats and re-alleges each and every factual allegation above.

31.      Verizon violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to consumer reporting agencies, failing to review all relevant information regarding the same, and by failing to appropriately  respond to the consumer reporting agency.

32.      As a result of Verizon's acts and/or omissions, Plaintiff has suffered damages including, but not limited to: loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish, and time and expense incurred in disputing the reporting.

33.      Verizon's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

34.      In the alternative, Verizon was negligent, entitling Plaintiff to recover damages from Verizon pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Verizon violated 15 U.S.C. § 1681s-2(b);

b)   Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1681o(a);

c)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a);

d)  Awarding Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and

e)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF TEX FIN CODE § 392.304(a)(8)**
**DEFENDANT VERIZON**

35.  Plaintiff repeats and re-alleges each and every factual allegation above.

36.  Verizon violated TEX. FIN. CODE § 392.304(a)(8) by misrepresenting the
character, extent, or amount of a consumer debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Verizon violated TEX FIN CODE § 392.304(a)(8);

b)  Awarding Plaintiff injunctive relief pursuant to the TDCA;

c)  Awarding Plaintiff actual damages pursuant to the TDCA;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be
allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

37.  Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 2, 2014

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
Email: rthompson@consumerlawinfo.com

/s/ Joseph Panvini
Joseph Panvini
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
Email: jpanvini@consumerlawinfo.com

Attorneys for Plaintiff